No. 37,261

GEORGE W. REMPEL et al., *Appellants*, v. WALLACE KOBS et al., *Appellees*.

(199 P. 2d 194)

Opinion. filed November 13, 1948.

*Homer H. Rich* and *Harold S. Herd*, both of Coldwater, argued the cause, and were on the brief for the appellants.

*Ernest M. Vieux*, county attorney, argued the cause, and was on the brief for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was a suit to enjoin defendants from carrying out an order disorganizing three common-school districts and attaching their territory to another. The appeal is from the judgment of the court dismissing the action as moot. In December, 1945, the school reorganization committee of Meade county, created in accordance with and acting under chapter 291 of the Laws 1945 (G. S. 1945 Supp., ch. 72, art. 56), began the consideration of a plan to disorganize common-school districts Nos. 3, 23 and 68 of Meade county and attach the territory therein to school district No. 73, in which the city of Meade is situated. Objections were made to the plan, hearings were had, and eventually the reorganization committee made such an order. An appeal was taken to the district court, where a hearing was had, as a result of which the court, on November 26, 1946, found that the orders of the reorganization committee

were reasonable and lawful. No appeal was taken from the judgment of the court.

This action was filed in the district court on February 13, 1947. In the petition the plaintiffs allege in some detail that the school reorganization law was unconstitutional and prayed that defendants be enjoined from disorganizing the common-school districts Nos. 3, 23 and 68. On the same date plaintiffs filed an application for a restraining order and supported it by an affidavit setting out, among other things, that the legislature is now considering the passage of numerous amendments to the school reorganization law which will materially change the rights of the respective school districts involved, and that the orders of defendants will become final on March 1, 1947, unless the restraining order is issued. The court fixed a date for the hearing of a temporary injunction and in the meantime, until the further order of the court, restrained defendants from advertising and holding school-district elections in and for the reorganized school district No. 73 and from any other act of reorganization which would operate to dissolve or disorganize or change the boundaries of common-school districts Nos. 3, 23 and 68 or to assess taxes in plaintiffs' districts as if they were a part of the reorganized district. On February 17, 1947, defendants filed a motion to vacate the restraining order for various reasons. This was heard on February 18, at which time the court sustained the motion in part and vacated the restraining order insofar as it restrained defendants from advertising and holding a school-district election in and for the reorganized school district No. 73. There was a further hearing before the court in Coldwater on February 22, at which time the court sustained the motion and dissolved the restraining order. Also on that date the court made an order that plaintiffs amend their petition by making common-school district No. 73 in Meade county a party-defendant. Plaintiffs asked permission to and did file an amended petition in which common-school districts Nos. 3, 23 and 68 were substituted as parties-plaintiff, instead of the officers of those districts. The court set March 18 at Meade as the time and place of the final hearing and advised the parties that no action by any district should be taken after the first of March until March 18, or until the further order is made at Meade. The hearing at Meade was continued from time to time owing to the unsettled state of the amendments to the school reorganization law, and also because of other actions pending in the supreme court or

other courts. On October 1 the attorney for defendants moved the court for an order dismissing the action for the reason that the case has become moot. That motion was heard and argued on October 27 and taken under advisement by the court. On January 2, 1948, the court announced its decision and ordered that the action be dismissed with prejudice as a moot case. The only legal question for our determination is whether the act of the reorganization committee, which was approved as reasonable and lawful by the district court, became final or was validated by section 2, chapter 377, Laws of 1947 (G. S. 1947 Supp. 72-5629), which so far as here pertinent reads:

"That where the county school organization committee of any county, . . . has attached territory of one or more school districts to an established school district, . . . and the order of the county committee . . . became final on or before March 1, 1947, such order . . . attaching territory to an established school district . . . is hereby declared to be operative and effective and validated as of March 1, 1947, even though all preliminary steps necessary to make such order operative and effective were not complied with . . ."

Counsel for appellants frankly admit that if the case here presented comes within the scope of the act last quoted that the case is moot, but argue that if the case presented is not within the statute quoted it is not a moot case, and point out that this court, in *State, ex rel., v. Hines,* 163 Kan. 300, 182 P. 2d 865, held that the act of 1945, under which the reorganization committee acted, was void. Appellants contend that the filing of the injunction suit prior to March 1, 1947, seeking to enjoin the enforcement of the school reorganization law on the ground of its unconstitutionality, with the restraining order issued before March 1, 1947, places appellants in a different situation than if no such injunction had been brought, and that the validating act of 1947 should not apply. We cannot accept that view. In *State, ex rel., v. School District,* 163 Kan. 650, 185 P. 2d 677, the court had this very provision of G. S. 1947 Supp. 72-5629, before it for interpretation. It was pointed out in the opinion (p. 656) that the legislature was not attempting to validate any law, particularly the school reorganization law enacted in 1945, and said:

"The validating statute under consideration refers specifically to acts done, as the quotation made shows, and if those acts done resulted in an order organizing a new school district, and the order became final on or before March 1, 1947, that order was declared by the legislature to be operative and effective and validated."

While that was not an injunction suit it was a quo warranto proceeding by the state, which is fully as broad, or broader, than the injunction suit filed by the plaintiffs. It seems clear that the judgment of the trial court should be affirmed. It is so ordered.